**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4748**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL A. MORGAN, a/k/a Steve,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (5:05-cr-00042-FPS-JE)

———————

Submitted: January 23, 2007        Decided: February 6, 2007

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Scott C. Brown, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, John C. Parr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Morgan was charged in a multi-defendant indictment and eventually convicted of conspiracy to distribute in excess of 50 grams of cocaine base (Count 1), two counts of aiding and abetting the distribution of a controlled substance within 1,000 feet of a protected location (Counts 2 and 5), distribution of cocaine base within 1,000 feet of a protected location (Count 3), and possession and discharge of a firearm during and in relation to a drug trafficking crime (Count 13). On appeal, Morgan primarily contends that the evidence is insufficient to support his convictions on Counts 2 and 13. Finding no error, we affirm.[1]

When assessing the sufficiency of the evidence of a criminal conviction on direct review, "[t]he verdict of the [jury] must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Count 2 (aiding and abetting distribution) arises from a controlled undercover drug transaction that occurred on May 5,

---

[1]Morgan also contends that the district court committed several sentencing errors. We have considered these arguments and find them to be without merit.

2005, in "Bud's Club," which was one of Morgan's drug-distribution locations. During this video-recorded transaction, Morgan's co-defendant Terri Blankenship sold a quantity of cocaine to a confidential informant.

Morgan argues that the evidence is insufficient to support his conviction on this count because the video purportedly shows Blankenship obtaining the cocaine from a third-party, rather than Morgan, before the transaction was completed and because Blankenship did not specifically testify that she obtained the cocaine from Morgan. We reject this argument. Blankenship testified that she frequently dealt drugs from Bud's Club and that Morgan was her supplier for these transactions. See J.A. 277. Moreover, the jury was permitted to observe the video of this specific transaction and determine for itself the extent of Morgan's involvement. Based on this record, we find no basis to overturn this conviction. See generally United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (discussing elements of aiding and abetting).

Count 13 (possession and discharge of a firearm during and in relation to a drug trafficking crime) arises from an August 11, 2005, incident that occurred in front of a residence from which Morgan was dealing drugs.[2] During this incident, Morgan and Eddie

---

[2]The conspiracy for which Morgan was convicted (Count 1) is the underlying drug trafficking crime.

3

Taylor, who was there to purchase crack cocaine, became involved in an argument outside the residence. Morgan eventually went inside, obtained a firearm, returned outside, and shot at Taylor.

Morgan argues that the evidence is insufficient to support this conviction because it does not establish that he used the firearm during and in relation to a drug trafficking crime or that he possessed the firearm in furtherance of such a crime. We disagree. The government presented evidence that Morgan confronted Taylor during this incident after Taylor had talked openly about being there to purchase drugs. See J.A. 251. Moreover, the government presented evidence that Morgan was aware that Taylor had worked as an informant for law enforcement. See J.A. 296-97, 540. We find that this evidence, combined with the location of the firearm (inside the drug house), is sufficient to support the conviction. See generally United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussing sufficiency of evidence to establish firearm possession in furtherance of a drug trafficking crime).

Based on the foregoing, we affirm Morgan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4